FILED & ENTERED

OCT 16 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY johnson  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re: Death Row Records Inc<br><br>In re Marion Knight,<br><br><br><br><br>Debtor(s). | Case No.: 2:06-bk-11205-VZ<br><br>Substantively consolidated with Case No.: 2:06-bk-11187-VZ<br><br>CHAPTER 7<br><br>**ORDER DENYING MOTION FOR CLARIFICATION**<br><br>No hearing – docket #1674 |

      On May 22, 2017, these consolidated bankruptcy cases were administratively closed (docket #1666).  On August 22, 2025, Lydia Harris filed a motion to reopen the cases to seek relief ("Motion to Reopen," docket #1671).  On September 5, 2025, an order was entered granting the Motion to Reopen (docket #1672).

      On September 18, 2025, Lydia Harris filed a document titled "Motion for Clarification Regarding Prior Sales and Nondischargeability of Judgment and Death Row Records" ("Motion for Clarification," docket #1674).

When filing the Motion for Clarification, Lydia Harris did not comply with requirements set forth in the Local Bankruptcy Rules (**LBR**) or Federal Rules of Bankruptcy Procedure (**FRBP**):

(1) There is no proof of service, as required by **LBR 9013-1(e)** and **9013-3**;

(2) There is no declaration signed under penalty of perjury, as required by **LBR 9013-1(c)** and **9013-1(i)**;

(3) **LBR 9013-1(d)** requires that a hearing on the Motion for Clarification be set on at least 21 days of notice to the chapter 7 trustee and all parties against whom relief is sought; and

(4) Some of the relief requested may require filing of an adversary proceeding pursuant to **FRBP** Rule 7001.

Based on the foregoing, **IT IS ORDERED** that the Motion for Clarification is **DENIED**.

###

Date: October 16, 2025

Vincent P. Zurzolo
United States Bankruptcy Judge

-2-